SIAOSI TUIMOLOAU of Olosega, TAOFI TAMASOA of Laulii, SIAVE of Faganeanea, LEAISEFEAU M. ASOAU of Faleasao, TEVESI FAAPOULI of Tau, FAALOLOI of Laulii, SIVA of Faleasao, TUIOFEA of Faleasao, and SEA of Tau, Plaintiffs

v.

OFISA ASOAU of Faleasao, Defendant

No. 14-1957

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Asoau" of Faleasao]

November 8, 1957

Heard at Fagatogo on September 30th and October 1st and 2nd, 1957 before MORROW, *Chief Judge*, and MALEPEAI and LETULIGASENOA, *Associate Judges*.

Taofi *pro se.*

Faamausili, counsel for Siave.

Ufuti, Counsel for Leaisefeau M. Asoau.

Tevesi *pro se.*

Malauulu and himself, counsel for Faaloloi.

Siva *pro se.*

Tuiofea *pro se.*

Faitolo, counsel for Sea.

Ofisa *pro se.*

### OPINION OF THE COURT

MORROW, *Chief Judge.*

On December 9, 1955 Ofisa Asoau of Faleasao filed his application with the Registrar of Titles to be registered as the holder of the matai name Asoau of Faleasao. Siaosi Tuimoloau, Taofi Tamasoa, Siave, Leaisefeau M. Asoau, Tevesi Faapouli, Faaloloi, Siva, Tuiofea, and Sea each filed an objection to the proposed registration within the statutory limit for filing objections. Each objector became a candidate for the name. Hence this litigation. See sections 931 and 932 of the Code.

Siaosi Tuimoloau did not appear at the hearing, either in person or by counsel. He is considered to have abandoned his claim, if any, to the title. During the hearing Taofi Tamasoa, Siave (acting by his father Samifua, who represented him), Leaisefeau M. Asoau, Tevesi Faapouli, Siva, and Tuiofea withdrew their respective objections and ceased to be parties to the case. The remaining candidates for the title were the applicant Ofisa and objectors Sea and Faaloloi.

Sec. 926 of the Code as amended prescribes the qualifications for holding a matai title. The evidence showed that each of the three remaining candidates has these quali-

fications and is, therefore, eligible to be registered as the holder of a matai name.

■ Sec. 933 of the Code as amended prescribes the law which the Court must follow in making its determination as to which of the eligible opposing candidates in a matai name case shall be registered as the holder of the title. It reads as follows:

"Consideration Given by Court: In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise the male descendant shall prevail;

(b) The wish of the majority or plurality of those members of the family related by blood to the title;

(c) The forcefulness, character, personality, and capacity for leadership of the candidate;

(d) The value of the holder of the matai name to the government of American Samoa."

We shall first consider the matter of hereditary right. The applicant Ofisa Asoau is the blood son of Asoau Faasulu. He has one-half Asoau blood in his veins. Faaloloi is the great grandson of Asoau Maugatele. He has one-eighth Asoau blood in his veins. Sea is the great grandson of Asoau Sea. He has one-eighth Asoau blood in his veins. There was no contradiction in the testimony as to hereditary rights of these three remaining candidates. We find that Ofisa prevails on the issue of hereditary right and that Faaloloi and Sea are second with respect to Ofisa and on an equality with respect to each other.

We shall refer to the issue of the wish of the majority or plurality of the blood members of the family later in this opinion.

Ofisa is 43 years old. After completing the 7th grade in school, he had a year in the Leulumoega school in Upolu. He speaks English. He has worked as a plumber in the De-

partment of Public Works since 1939. His salary is approximately $100 per month. After hours, he does plumbing work for private individuals thereby earning an additional $80 a month on the average. He testified that he received about $6,000 a year from the sale of copra cut on family lands on the island of Tau. However, we think his brothers and sisters cut most of the copra, Ofisa himself cutting only a part of it. While the $6,000 a year may be paid over to him, only a fractional part of it should be considered as income for him. He has a son in the U.S. Armed Forces who sends him $60 a month. Since 1955 he has been the foreman in the plumbing branch of the Department of Public Works. He had charge of the laying of the pipe line leading from the Pago well up to the mountain back of the village of Pago Pago in 1955. Ofisa has been the leader of the Aumaga in Faleasao since 1948. On March 17, 1939 while in a long boat with about 40 other persons near the island of Olosega on the way to Tau the boat capsized. Ofisa swam about 6 miles to the island of Tau and got aid so that all the people in the boat were saved.

Faaloloi is 40 years old. He attended grade school, Fagalele, and junior high before entering the American Samoan High School from which he graduated in 1951. He speaks English. He has taught school and served both as a district clerk and district administrator. He has worked as a clerk in the store of Burns Philp, (SS) Co., Ltd. About a year and a half ago he became a bookkeeper for the Bank of American Samoa. During the last few months he has been a teller in the Bank. His salary is $73.24 per month. He sells pigs, chickens, mats and taro, his total sales from such aggregating between $500 and $600 per year. His aiga in the States send him about $500 a year. Faaloloi was a Samoan Marine during the war. He has been a matai for 9 years, having first held the Vaimaona title of Laulii for

about 2 years. He has held the Manaea title of Amouli for 7 years. The evidence indicated that it took about 5 years for him as the Manaea to get his family to live together in peace and harmony. He lives in Laulii; not with the Manaea Family in Amouli.

Sea is 48 years old. He graduated from Poyer School, having completed the 9th grade. He speaks English. After his graduation from Poyer in 1934 he returned to Manua and rendered service to his matai Sea and also to the Asoau. He has worked on plantations. Sea has been clerk of the district court on the island of Tau for 20 years and has held a matai title for 20 years. His mataiship has been characterized by a state of peace and harmony in his family. There are 20 members of the Sea Family living with Sea. He is authorized by the L.M.S. church to serve as a pastor during the absence of a regular pastor on Tau and he has done so a number of times. He receives a remuneration of about $25 a month as clerk of the court. He has plantations and raises pigs and chickens. He has a yearly income of from $225 to $275 from the sale of copra and oranges. He does not sell his pigs or chickens, they being used for Samoan affairs in accordance with Samoan customs. Sea has cocoa plantations. The cocoa produced is used by his family and aiga. He receives about $250 a year from aiga in the States.

During the three-day hearing, the judges had an excellent opportunity to observe the personalities of Ofisa, Faaloloi and Sea.

It is our conclusion in the light of our observation and the evidence that Ofisa and Sea rank first and equally on the issue of forcefulness, character, personality and capacity for leadership and that Faaloli ranks second and we so find.

In the case of *Ioane, Mase Molioo, and Tupua v. I. Malaga*, No. 23-1956 (H.C. of Am. Samoa), we said: "The

value of the holder of a matai title to the Government of American Samoa depends primarily upon his ability to handle the affairs of his family well. This ability in turn depends largely upon his forcefulness, character, personality and capacity for leadership." We reiterate that statement. Ofisa is a responsible and valuable employee of the Public Works Department, serving, as we have said, as foreman of the plumbing division. Sea has been a district court clerk for 20 years. Faaloloi is a teller in the Bank of American Samoa. In view of our finding that Ofisa and Sea rank first and equally on the issue of forcefulness, character, personality and capacity for leadership and Faaloloi second and also in view of their respective services to the government, past and present, we find that Ofisa and Sea rank first and equally on the fourth issue and that Faaloloi ranks second to both Ofisa and Sea on this issue.

■ Sec. 933 of the Code as amended requires the court in deciding a matai name case to give more weight to hereditary right than to the wish of the majority or plurality of those members of the family related by blood to the title; and more weight to the wish of the majority or plurality of those members of the family related by blood to the title than to the forcefulness, character, personality, and capacity for leadership; and more weight to forcefulness, character, personality and capacity for leadership than to the value of the holder of the matai name to the government.

■ We have not made any finding as to the wish of the majority or plurality of the blood members of the Asoau Family because it is not necessary for a decision of the case. Each of the three candidates filed a petition with the court purporting to be signed by those members of the Family supporting his candidacy for the title. The six candidates who withdrew likewise filed petitions. One of the withdrawing candidates, Siave, acting by his father as his

representative, tried to throw his support to Ofisa. Tevesi tried to throw his support to Faaloloi while Taofi, Leaisefeau, Tuiofea, and Siva tried to throw their support to Sea. Each withdrawing candidate claimed (Siave acting by his father) that the members signing his petition favored either Ofisa, Faaloloi, or Sea. However, the claim by the withdrawing candidate was just an assertion of the withdrawing candidate himself, and nothing more. It was not satisfactory proof that his supporters were supporting a particular one of the three remaining candidates. A few of the signers on the petitions of the withdrawing candidates did stand up in Court and say to the Court that they favored this one or that one of the three remaining candidates. That was evidence as to the wishes of those who stood up, and those only.

If we were to find that Ofisa ranks first on the issue of the wish of the majority or plurality of the blood members of the Family, the Court should award him the title, since it would then find that he ranks first on the first two issues and equally with Sea on the last two, both Ofisa and Sea ranking ahead of Faaloloi on the last two. If the Court were to find that Sea ranks first on the issue of the wish of the majority or plurality of the blood members of the Family, the Court would still of necessity have to award the title to Ofisa since, in reaching its decision, it must give more weight to the factor of hereditary right (Ofisa has $\frac{1}{2}$ Asoau blood; Sea, $\frac{1}{8}$) than to the wish of the majority or plurality of the blood members of the Family, Ofisa and Sea ranking first but equally on the last two issues and Faaloloi second. And if the Court were to find that Faaloloi ranks first on the issue of the wish of the majority or plurality of the blood members of the Family, it would of necessity still be required by Sec. 933 of the Code as amended to award the title to Ofisa since he would prevail over Faaloloi on all the four issues except the second. In

other words, regardless of any finding on the issue of the wish of the majority or plurality of the blood members of the Family, the Court is required in view of its findings on the other three issues, to award the title to Ofisa. Hence, there would be nothing gained by the Court's unduly lengthening its opinion by going into the sharply contradictory testimony regarding the wish of the majority or plurality of the blood members of the Family and we shall not do so.

In view of our findings, the matai name Asoau attached to the village of Faleasao should be awarded to Ofisa.

■ "A Court will take judicial notice of its own records for all proper purposes, including records in cases tried in, and removed from another court." 31 C.J.S. 619. The records of this court show that Faaloloi resigned from the Vaimaona title to take the Manaea title and then later tried to get the Vaimaona title back. See *Faaloloi Magaea of Laulii v. Foloi Leatisua of Laulii*, No. 19-1950 (H.C. of Am. Samoa).

While we have already reached the conclusion from the evidence and our observations in this case that Faaloloi ranks second to both Ofisa and Sea on the issue of forcefulness, character, personality and capacity for leadership, nevertheless, without giving any consideration to what the Court had to say in its opinion written in 1950 in the case just cited, we shall quote a part of it:

"Faaloloi was the holder of the Vaimaona title from August 1947 until February 1949 when he resigned to take the Magaea title. Shortly after his resignation from the Vaimaona title, Faaloloi went to Amouli to assume his duties as the Magaea. However, the Magaea family refused to recognize him as their matai. They proceeded to beat him up and did it with so much vigor that he has been afraid to go back to Amouli ever since to assert his leadership of the Magaea family. Faaloloi himself testified with reference to his going to Amouli to assume the Magaea title 'I do not want to go there and the other side still has bad feeling on me. They would kill me and I made

up my mind to wait until they cool off and they are doing that now but I do not want to go back.' While Faaloloi held the Vaimaona title (it is a lesser title in the Pele and Aulava families) he was unable to get along with the senior matais of the family. Neither was he able to get the Vaimaona family as a whole to live together in peace and harmony. Whether his failure to do this may properly be charged to him we do not decide. However, we do remark that an excuse for failure is not the equivalent of success. It is the business of a matai to weld his family into a harmonious unit and to be able to get along with other matais so that there may not be difficulties between clans. That is what matais are for. Foloi testified that while Faaloloi was the Vaimaona he threatened to put certain members of the Vaimaona family off Vaimaona lands assigned to them under Samoan customs unless they joined his church. While we think this charge was considerably exaggerated by Foloi, nevertheless we do not think it is a complete fabrication and an invention of Foloi's.

"It may very well be that the lack of capacity for leadership which prevented Faaloloi from welding the Vaimaona family into a harmonious unit also prevented him from getting himself recognized by the Magaea family as the Magaea."

It is only fair to Faaloloi to say that the evidence in the present case indicates that he has now succeeded in getting the Manaea Family to live together in peace and harmony, but it took him 5 years to do it.

### DECREE

Accordingly it is ORDERED, ADJUDGED and DECREED that Ofisa of Faleasao shall be registered as the holder of the matai name Asoau of Faleasao.

Costs in the sum of $70.50 are hereby assessed against Sea and Faaloloi, each to pay $35.25 within 60 days.